**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARTA MEJIA and JOSE MEJIA,

**CV 04 4753**

Plaintiffs,

v.

BELL & HOWELL COMPANY,
BELL & HOWELL POSTAL SYSTEMS, INC.,
and
BELL & HOWELL MAIL AND MESSAGING
TECHNOLOGIES,

Defendants.

**NOTICE OF REMOVAL OF CIVIL
ACTION TO THE UNITED STATES
DISTRICT COURT**

(Supreme Court of the State of New York,
County of Suffolk, Case No. 04-2172)

**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.**

**★ NOV 0 3 2004 ★**

**BROOKLYN OFFICE**

Defendants, Bell & Howell Company (now known as BBH, INC.), Bell & Howell Postal

Systems, Inc. (now known as BOWE BELL + HOWELL POSTAL SYSTEMS COMPANY)

and Bell & Howell Mail and Messaging Technologies (now known as BOWE BELL +

HOWELL COMPANY) (collectively, the "BOWE BELL + HOWELL DEFENDANTS"),

hereby remove this pending action from the Supreme Court of the State of New York, County of

Suffolk, to the United States District Court for the Eastern District of New York, pursuant to

Sections 1332, 1441 & 1446 of Title 28 of the United States Code and Local Civil Rule 81.1, on

the following grounds:

1.  Plaintiffs commenced this action on October 5, 2004 by filing a Verified

Complaint with the Supreme Court of the State of New York, County of Suffolk. A true and

correct copy of the Verified Complaint is attached hereto as Exhibit A. The Verified Complaint

and the related Summons, which is attached hereto as Exhibit B, constitute all process, pleadings

and orders served upon the defendants in this action.

2.      The Supreme Court of the State of New York, County of Suffolk, is within the territorial jurisdiction of the United States District Court for the Eastern District of New York. *See* 28 U.S.C. §112(b).

3.      Plaintiff served all three of the BOWE BELL + HOWELL DEFENDANTS on October 6, 2004. This Notice of Removal is filed within 30 days of receipt by the BOWE BELL + HOWELL DEFENDANTS, through service or otherwise, of a copy of the Complaint. Removal is therefore timely. 28 U.S.C. §1446. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

4.      This action is removable pursuant to 28 U.S.C. §1441. As set forth herein, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      It appears from the Complaint that Plaintiffs are both residents and citizens of the State of New York. However, pursuant to Local Civil Rule 81.1, the BOWE BELL + HOWELL DEFENDANTS state that the Plaintiffs' residence, address and state of citizenship are not known to the removing parties, BOWE BELL + HOWELL DEFENDANTS. As such, Plaintiffs are obligated to file in the office of the Court clerk a statement with respect to their residence, address and state of citizenship within twenty (20) days of removal.

6.      Not one of the BOWE BELL + HOWELL DEFENDANTS is a citizen of the State of New York.

7.      Rather, each BOWE BELL + HOWELL DEFENDANT is a Delaware corporation with its principal place of business at 760 South Wolf Road, Wheeling, Illinois. Therefore,

- 2 -

according to 28 U.S.C. §1332(c)(1), the BOWE BELL + HOWELL DEFENDANTS are citizens of Delaware and Illinois.

8.      The Complaint, which was originally filed in New York state court, does not state the amount of money damages that Plaintiffs seek – likely because Section 3017(c) of New York's Civil Practice Law and Rules prohibits a plaintiff in a personal injury action from setting forth the amount of money damages sought. *See Setlock v. Renwick*, 04-CV-0079E(Sc), 2004 U.S. Dist. LEXIS 13777, at *1 n.2 (W.D.N.Y. May 21, 2004)

9.      However, Plaintiffs' allegations concerning the nature and scope of their alleged damages provide enough information from which the BOWE BELL + HOWELL DEFENDANTS may intelligently ascertain the amount in controversy with respect to Plaintiffs' claims.

10.     Plaintiffs allege in their Complaint that Marta Mejia ("Marta"), one of the two Plaintiffs:

- "sustained serious, severe and permanent personal injuries and was rendered sick, sore, lame, and disabled" as a result of an accident involving a "machine inserter model A340" that the BOWE BELL + HOWELL DEFENDANTS are alleged to have designed, manufactured and sold. (Exh. A ¶¶ 37, 46, 50, 57).

- suffered, and will continue to suffer, "great physical pain, mental anguish, discomfort, and disability" for which Marta underwent and, will continue to undergo "medical care, aid and treatment for a long period of time to come in the future. (*Id.*)

- "incurred large sums of expenses for medical care, aid and attention and may continue to incur large sums of expenses for future medical care, aid and attention." (*Id.*)

- became "incapacitated from and hindered in the progress of her usual pursuits, duties, and activities and may continue to be hindered in her pursuits, duties, and activities for a long period of time to come in the future." (*Id.*)

- "sustained a significant loss of quality and enjoyment of her life." (*Id.*)

  -and-

- "had been prevented from returning to her usual vocation for a long period of time and may in the future be incapacitated from properly attending to her occupation and normal activities" (Exh. A ¶ 46).

11.   Because of these allegations, there is a reasonable probability that Marta's claims

against the BOWE BELL + HOWELL DEFENDANTS are in excess of $75,000, exclusive of

interest and costs.

12.   In addition, Plaintiffs allege in their Complaint that Jose Mejia ("Jose"), Marta's

husband:

- "has been deprived of the society, services, consortium and companionship of his wife" (Exh. A ¶ 61).

  -and-

- "lost money [and] a substantial amount of his time in helping his wife obtain the medical care and attention that was necessitated by the accident complained of...." (Exh. A ¶ 62).

13.   Because of these allegations, there is a reasonable probability that Jose's claims

against the BOWE BELL + HOWELL DEFENDANTS are in excess of $75,000, exclusive of

interest and costs.

14.   In addition to the allegations in the Complaint, Plaintiffs' counsel provided the

BOWE BELL + HOWELL DEFENDANTS with supplemental information from which the

removing defendants have intelligently ascertained that there is a reasonable probability: that

Marta's claims are in excess of $75,000, exclusive of interest and costs; and that Jose's claims

are in excess of $75,000, exclusive of interest and costs.

15.   Specifically, on or about October 19, 2004, counsel for Plaintiffs confirmed to

counsel for the BOWE BELL + HOWELL DEFENDANTS that, prior to the commencement of

- 4 -

this action, Plaintiffs offered to compromise their claims against the defendants for a sum of $250,000. Communications from a plaintiff's counsel are evidence on which removing defendants may rely in establishing that the amount of controversy meets or exceeds the jurisdictional requirement for diversity. *See Preferred Fixture Manufacturing Co. v. Sealed Air Corp.*, No. 3:03cv1160(JBA), 2003 U.S. Dist. LEXIS 18892, at *5 (D.Conn. Oct. 22, 2003) (citing to plaintiff's counsel's "concession" in a letter concerning the amount in controversy as a basis for denying plaintiff's motion for remand).

16.     As such, the BOWE BELL + HOWELL DEFENDANTS have satisfied their burden of alleging facts adequate to establish that the amount in controversy therefore exceeds the sum of $75,000, exclusive of interest and costs. This action properly is removable to this Court.

17.     Pursuant to 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, the BOWE BELL + HOWELL DEFENDANTS will give written notice of the removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Suffolk.

Dated: New York, New York
       November 3, 2004

McDERMOTT WILL & EMERY LLP

By:     _____
        Carolyn Traïster Schiff (CS-5219)

        50 Rockefeller Plaza
        New York, New York 10020-1605
        212-547-5400

        *Attorneys for the*
        ***BOWE BELL + HOWELL
        DEFENDANTS***

*Of Counsel*:

Derek J. Meyer
Geoffrey A. Vance
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Suite 4400
Chicago, Illinois 60606-5096
312-372-2000
Fax: 312-984-7700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
MARTA MEJIA and JOSE MEJIA,

                Plaintiffs,

       -against-

BELL & HOWELL COMPANY,
BELL & HOWELL POSTAL SYSTEMS, INC.,
and BELL & HOWELL MAIL AND MESSAING
TECHNOLOGIES,

                Defendants.
------------------------------------------------------------X

Filing Date:

**VERIFIED
COMPLAINT**

Plaintiffs, complaining of the defendants, by their attorneys, MICHAEL B. MILLER, P.C. respectfully state and allege, upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     That at all times hereinafter mentioned, defendant, Bell & Howell Company, was and is a foreign corporation duly authorized to do business in the State of New York.

2.     That at all times hereinafter mentioned, defendant, Bell & Howell Postal Systems, Inc., was and is a foreign corporation duly authorized to do business in the State of New York.

3.     That at all times hereinafter mentioned, defendant, Bell & Howell Mail and Messaging Technologies was and is a foreign corporation duly authorized to do business in the State of New York.

4.     That at all times hereinafter mentioned, defendant, Bell & Howell Company, was a foreign corporation duly authorized to do business in the State of New York and was doing business in the State of New York.

5. That at all times hereinafter mentioned, defendant, Bell & Howell Postal Systems, was a foreign corporation duly authorized to do business in the State of New York and was doing business in the State of New York.

6. That at all times hereinafter mentioned, defendant, Bell & Howell Mail and Messaging Technologies, was a foreign corporation duly authorized to do business in the State of New York and was doing business in the State of New York

7. That at all times hereinafter mentioned, defendant, Bell & Howell Company, was a manufacturer of inserter machines.

8. That at all times hereinafter mentioned, defendant, Bell & Howell Postal Systems, was a manufacturer of inserter machines.

9. That at all times hereinafter mentioned, defendant, Bell & Howell Mail and Messaging Technologies, was a manufacturer of inserter machines.

10. That at all times hereinafter mentioned, defendant, Bell & Howell Company, sold inserter machines.

11. That at all times hereinafter mentioned, defendant, Bell & Howell Postal Systems, sold inserter machines.

12. That at all times hereinafter mentioned, defendant, Bell & Howell Mail and Messaging Technologies, sold inserter machines.

13. That at all times hereinafter mentioned, defendant, Bell & Howell Company, was or is the manufacturer of insert machine model A340.

14. That at all times hereinafter mentioned, defendant, Bell & Howell Postal Systems, was or is the manufacturer of insert machine model A340.

15. That at all times hereinafter mentioned, defendant, Bell & Howell Mail and Messaging Technologies, was or is the manufacturer of insert machine model A340.

16. That at all times hereinafter mentioned, defendant, Bell and Howell Company, was or is in the business of designing the inserter machine model A340.

17.     That at all times hereinafter mentioned, defendant, Bell and Howell Postal Systems, was or is in the business of designing the inserter machine model A340.

18.     That at all times hereinafter mentioned, defendant, Bell and Howell Mail and Messaging Technologies, was or is in the business of designing the inserter machine model A340.

19.     That at all times hereinafter mentioned, defendant, Bell and Howell Company, was or is in the business of manufacturing the inserter machine model A340.

20.     That at all times hereinafter mentioned, defendant, Bell and Howell Postal Systems, was or is in the business of manufacturing the inserter machine model A340.

21.     That at all times hereinafter mentioned, defendant, Bell and Howell Mail and Messaging Technologies, was or is in the business of manufacturing the inserter machine model A340.

22.     That at all times hereinafter mentioned, defendant, Bell and Howell Company, was or is in the business of selling the inserter machine model A340.

23.     That at all times hereinafter mentioned, defendant, Bell and Howell Postal Systems, was or is in the business of selling the inserter machine model A340.

24.     That at all times hereinafter mentioned, defendant, Bell and Howell Mail and Messaging Technologies, was or is in the business of selling the inserter machine model A340.

25.     That at all times hereinafter mentioned, defendant, Bell and Howell Company, was or is in the business of distributing the inserter machine model A340.

26.     That at all times hereinafter mentioned, defendant, Bell and Howell Postal Systems, was or is in the business of distributing the inserter machine model A340.

27.     That at all times hereinafter mentioned, defendant, Bell and Howell Mail and Messaging Technologies, was or is in the business of distributing the inserter machine model A340.

28.     That at all times hereinafter mentioned, defendant, Bell and Howell Company, was or is in the business of designing, manufacturing, selling and distributing parts for and appurtenant to the aforesaid machine inserter model A340.

29.     That at all times hereinafter mentioned, defendant, Bell and Howell Postal Systems, was or is in the business of designing, manufacturing, selling and distributing parts for and appurtenant to the aforesaid machine inserter model A340.

30.     That at all times hereinafter mentioned, defendant, Bell and Howell Mail and Messaging Technologies, was or is in the business of designing, manufacturing, selling and distributing parts for and appurtenant to the aforesaid machine inserter model A340.

31.     That on or about March 4, 2002, Plaintiff, Marta Mejia, was employed at Advertising Distributors of America located at 230 Adams Avenue in Hauppauge in the state of New York.

32.     That on or about March 4, 2002, while in the performance of her job duties at Advertising Distributors of America, Plaintiff, Marta Mejia, sustained injuries.

33.     That on or about March 4, 2002, while plaintiff was engaged in the performance of her duties at Advertising Distributors of America, through the negligence and carelessness of the defendants herein, their agents, servants and/or employees, in the design, manufacture, assembly, use, sale, leasing, distribution, inspection, maintenance, service and/or repair of the aforementioned machine inserter model A340 and its appurtenances and parts, plaintiff was caused to sustain severe and permanent injuries, as more fully set forth below.

34.     That the aforesaid occurrence was caused solely and wholly by reason of the carelessness and negligence of the defendants herein, their agents, servants and/or employees and without any negligence on the part of plaintiff contributing thereto.

35.     The negligence of the defendants consisted of negligently, carelessly and improperly manufacturing, designing, assembling, selling, leasing and distributing, the aforesaid machine and its appurtenances and parts; negligently and carelessly failing to make proper and adequate inspections, adjustments and tests to the aforesaid machine and its appurtenances and

parts; in causing, allowing and permitting said machine and its appurtenances and parts to be used while containing a defective part or parts therein and/or part or parts which were dangerously and carelessly placed therein and/or part or parts which were improperly manufactured, designed, assembled and adjusted to be placed therein; in causing, allowing and permitting the aforesaid machine and its appurtenances and parts to be and remain in an unsafe, improper and dangerous condition; in failing to discover that the said machine and its appurtenances and parts was in a defective and dangerous condition; in failing to see that the aforesaid inserter and its appurtenances and parts was in a proper, safe and reasonable condition for the use for which it was intended; in failing to use and employ the accepted and proper practices, modes and procedures in such cases made and provided for; in causing, allowing and permitting the aforesaid machine and its appurtenances and parts to be unfit for normal working conditions in that same lacked the necessary qualifications and safeguards to make it adequate and proper for the use for which it was intended; in negligently manufacturing, designing, assembling, using, maintaining, selling and distributing a product that was lacking in protection, dangerous, and unfit for the purpose intended and the defendants were otherwise careless and negligent.

36.     That defendants, its agents, servants, and/or employees, were negligent, careless, and reckless in the design, assembly, use, sale, lease, distribution, management, maintenance, manufacturer, inspection, supervision and control of its product; in the selection, hiring and retention of incompetent employees, agents and/or servants; in failing to exercise due care and caution to manufacture, inspect and distribute a safe product; in failing to exercise due care and caution as to have avoided this incident and the injuries to Plaintiff herein; and defendant was otherwise reckless, negligent and careless in the design, assembly, use, sale, leasing, distribution, management, maintenance, manufacture, inspection, supervision and control of its product.

37.     That as a result of the foregoing, Plaintiff, Marta Mejia, sustained serious, severe and permanent personal injuries and was rendered sick, sore, lame, and disabled; Plaintiff, was caused to suffer great physical pain, mental anguish, discomfort, and disability and will continue to

suffer pain, anguish, discomfort, and disability in the future; Plaintiff, was caused to undergo hospital and medical care, aid, and treatment, and may continue to undergo medical care, aid and treatment for a long period of time to come in the future; Plaintiff, incurred large sums of expenses for medical care, aid and attention and may continue to incur large sums of expenses for future medical care, aid and attention; Plaintiff, was further caused to become incapacitated from and hindered in the progress of her usual pursuits, duties, and activities and may continue to be hindered in her pursuits, duties, and activities for a long period of time to come in the future.   In addition, as a result of the foregoing, Plaintiff, Marta Mejia, sustained a significant loss in the quality and enjoyment of her life.

38.     That as a result of the foregoing, the damages sustained by plaintiff, exceeds the jurisdictional limits of all the lower Courts, which might otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION

39.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "38" inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

40.     That at the time of the manufacture, design, assembly, use, sale, lease, and distribution of the aforesaid inserter machine and its appurtenances and parts by defendants, said defendants had full knowledge that the same would be used for the purposes for which it was intended and said defendants, their predecessors in interest, their agents, servants and/or employees represented and warranted to plaintiff and to any other potential, ultimate user of said products that they were safe, suitable and fit for all purposes intended and were in a good, safe, fit and merchantable condition.

41.     Plaintiff relied upon knowledge, judgment and skill of the defendants, their agents, servants and/or employees in the manufacture, design, assembly, use sale, lease, distribution and

maintenance of said products and the selection and use of strong, suitable, adequate, safe and proper materials and mechanism.

42.   Plaintiff relied upon the representations, knowledge, judgment, and skill of the defendants in the inspection and testing of said products.

43.   That contrary to the representations and warranties of defendants, their predecessors and agents, servants and/or employees, said product has not been adequately tested and were not free from dangerous and latent defects in the design, manufacture, construction, assembly, use, sale, lease, distribution and maintenance thereof.

44.   That defendants, their predecessors and agents, servants and/or employees violated and breached said warranties and said inserter and its appurtenances and parts were not of good quality, were not free from defects, were not fit for merchantability, were not fit or suitable for all purposes intended, and was not designed in good, safe and proper manner and was not manufactured, constructed, assembled, used , sold, leased or maintained in a good, safe and fit manner or with good, safe, fit or merchantable components.

45.   The fact that said product was not merchantable, unfit for the purposes intended, and had latent defects therein could not be discovered by plaintiff.

46.   As a result of the defendant's breach of their implied warranties, plaintiff was caused to be severely and permanently injured; suffered and continues to suffer great bodily harm and mental anguish; had been prevented from returning to her usual vocation for a long period of time and may in the future be incapacitated from properly attending to her occupation and normal activities; was and will be compelled to spend large sums of money for medical aid and attention and has suffered great monetary loss thereby as well as a significant loss in the quality and enjoyment of her life.

47.   That as a result of the foregoing, the damages sustained by plaintiff, exceeds the jurisdictional limits of all the lower Courts, which might otherwise have jurisdiction herein.

## AS AND FOR A THIRD CAUSE OF ACTION

48.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "47" inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

49.     Defendants are strictly liable under the Doctrine of Strict Liability in connection with the manufacture, design, construction, assembly, use, sale, distribution, or maintenance of the aforesaid machine inserter model A340 and its appurtenances or parts, to a user thereof.

50.     As a result of the foregoing, plaintiff suffered serious and permanent injuries to her body; suffered great pain and mental anguish; was compelled to expend large sums of money for medical care and attention and was and has been prevented from attending to her usual occupation, activities and duties and has thereby experienced a significant loss in the quality and enjoyment of her life.

51.     That as a result of the foregoing, the damages sustained by plaintiff, exceeds the jurisdictional limits of all the lower Courts, which might otherwise have jurisdiction herein.

## AS AND FOR A FOURTH CAUSE OF ACTION

52.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "51" inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

53.     Defendants, their predecessors, servants, agents and/or employees did warrant to plaintiff that the aforesaid machine and its appurtenances and parts were designed, manufactured, constructed, assembled, used, sold, distributed, inspected, tested and maintained in a proper, suitable adequate and safe manner, and would remain so for several years and further warranted that same was safe and fit for the use and purposes for which it was made and that it would hold up under normal use and that the same was free from defects.

54.     Plaintiff accepted defendants' representations, express warranties, and relied upon the promises and warranties made by the defendants and/or their predecessors herein.

55.     Plaintiff relied upon the express warranties and had no knowledge of any latent defects, inadequacy or deficiency in the design, manufacture, construction, assembly, use, sale, distribution, inspection, testing and maintenance of said product.

56.     Contrary to said representations and express warranties of defendants, as hereinabove alleged, said machine and its appurtenances and parts were defective in its design, manufacture, construction, use and assembly; was unfit for the purpose for which it was intended, lacked adequate or proper equipment and mechanism; was not manufactured with good, safe, fit and merchantable components.

57.     As a result of defendants' breach of express warranty, plaintiff, Marta Mejia, suffered serious and permanent injuries; suffered and continues to suffer great bodily harm and mental anguish; has been prevented from attending to her usual pursuits, duties, and activities for a long period of time and will in the future be incapacitated from pursuing her desired pursuits, duties, and activities; was and will in the future be compelled to spend large sums of money for medical care and attention and has suffered monetary loss and has lost a significant loss in the quality and enjoyment of her life.

58.     That as a result of the foregoing, the damages sustained by plaintiff, exceeds the jurisdictional limits of all the lower Courts that might otherwise have jurisdiction herein.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JOSE MEJIA

59.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "58" inclusive, of this complaint, with the same force and effect as though more fully set forth at length herein.

60.     That at all times hereinafter mentioned, plaintiff, Jose Mejia was the husband of

the plaintiff, Marta Mejia, and as such lived and cohabitated with her and was entitled to her society, services, consortium and companionship.

61      That as a result of the foregoing plaintiff, Jose Mejia has been deprived of the society, services, consortium and companionship of his wife, Marta Mejia.

62.     That as a result of the foregoing, Plaintiff, Jose Mejia, lost money and it cost him a substantial amount of his time in helping his wife obtain the medical care and attention that was necessitated by the accident complained of herein.

63.     That as a result of the foregoing, the damages sustained by plaintiff, exceeds the jurisdictional limits of all the lower Courts that might otherwise have jurisdiction herein.

**WHEREFORE**, plaintiffs demand judgment against the defendants herein on the First, Second, Third, Fourth and Fifth cause of action for damages or monetary relief in an amount to be determined or awarded by the Court and/or jury; together with the costs and disbursements of this action, and for such other and further relief as the Court may deem just and proper; the amount of damages sought herein exceeds the jurisdictional limits of all the lower courts which might otherwise have jurisdiction herein.

Dated:   Farmingdale, New York
         September 21, 2004

                              Yours, etc.


                              BY:  MICHAEL B. MILLER, ESQ.
                              Law Office of Michael B. Miller, P.C.
                              100 Broadhollow Road, Suite 315
                              Farmingdale, New York 11735
                              (631) 756-0000

## VERIFICATION BY PLAINTIFF

STATE OF NEW YORK )

COUNTY OF SUFFOLK)

JOSE MEJIA, being duly sworn, states that he is the plaintiff in this action and that the foregoing Summons and Complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

_____
JOSE MEJIA

Sworn to before me this
23rd day of September 2004

_____
Notary Public

VERIFICATION BY PLAINTIFF

STATE OF NEW YORK )

COUNTY OF SUFFOLK)

MARTA MEJIA, being duly sworn, states that she is the plaintiff in this action
and that the foregoing Summons and Complaint is true to her own knowledge, except as
to matters therein stated to be alleged on information and belief and as to those matters
she believes it to be true.

_____
MARTA MEJIA

Sworn to before me this
23rd day of September 2004

_____
Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X

MARTA MEJIA and JOSE MEJIA,

                Plaintiffs,

      -against-

BELL & HOWELL COMPANY,
BELL & HOWELL POSTAL SYSTEMS, INC., and
BELL & HOWELL MAIL AND MESSAING
TECHNOLOGIES,

                Defendants.

-----------------------------------------------------------------X

IND # 04-21722

Filing Date: OCT 5, 2004

**SUMMONS**
Plaintiff designates
SUFFOLK County as
the place of trial

The basis of venue
 Plaintiff's Residence
 Plaintiff Resides at:
1089 Candlewood Road
Brentwood, New York 11717

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     Farmingdale, New York
           September 21, 2004

**Defendants' addresses:**

Bell & Howell Mail and Messaging Technologies
C/O C T Corporation System
111 Eighth Avenue
New York, New York 10011

Bell & Howell Company
C/O C T Corporation System
111 Eighth Avenue
New York, New York 10011

Bell & Howell Postal Systems, Inc.
C/O C T Corporation System
111 Eighth Avenue
New York, New York, 10011

BY: MICHALE B. MILLER, ESQ.
**MICHAEL B. MILLER, P.C.**
Attorneys for Plaintiffs
100 Broadhollow Road, Suite 315
Farmingdale, New York 11735
(631) 765-0000

## CERTIFICATE OF SERVICE

Robert J. Candella, Jr. pursuant to 28 USC 1746, hereby declares under penalty of perjury, that on the 3rd day of November, 2004, I personally served the accompanying Notice of Removal and Civil Cover Sheet upon Michael B. Miller, Esq., 100 Broadhollow Road, Suite 315, Farmingdale, NY 11735 by regular United States mail.

Robert J. Candella, Jr.

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 04 4753**

MARTA MEJIA and JOSE MEJIA,

                    Plaintiffs,

v.

BELL & HOWELL COMPANY,
BELL & HOWELL POSTAL SYSTEMS, INC.
and
BELL & HOWELL MAIL AND MESSAGING
TECHNOLOGIES,

                    Defendants.

Civil Action No. ___  ____

**BOWE BELL + HOWELL
DEFENDANTS' RULE 7.1
DISCLOSURE STATEMENT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 0 3 2004  ★

BROOKLYN OFFICE

WALL, M.J.

Defendants, Bell & Howell Company, now known as BBH, INC., Bell & Howell Postal

Systems, Inc., now known as BOWE BELL + HOWELL POSTAL SYSTEMS COMPANY, ad

Bell & Howell Mail And Messaging Technologies, now known as BOWE BELL + HOWELL

COMPANY submit and disclose the following statements pursuant to Rule 7.1 of the Federal

Rules of Civil Procedure:

    1.      **BBH, INC.** is wholly-owned by its parent company, Bowe Bell + Howell

            Holdings, Inc.

    2.      **BOWE BELL + HOWELL POSTAL SYSTEMS COMPANY** is wholly-

owned by its parent company, BBH, Inc.

    3.      **BOWE BELL + HOWELL COMPANY** is wholly-owned by its parent

company, BBH, Inc.